**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4118**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

GARNETT GILBERT SMITH, a/k/a Abdule Jones,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William  D.  Quarles,  Jr.,  District
Judge.  (1:12-cr-00479-WDQ-1)

———————

Submitted:  September 23, 2014    Decided:  September 25, 2014

———————

Before  NIEMEYER  and  GREGORY,  Circuit  Judges,  and  HAMILTON,
Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Barbara E, Kittay, BARBARA E. KITTAY, Rockville, Maryland, for
Appellant. James  G.  Warwick,  OFFICE  OF  THE  UNITED  STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garnett Gilbert Smith pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine. The judgment also contained a provision for criminal forfeiture of narcotics proceeds. The district court sentenced Smith to three hundred months of imprisonment. On appeal, Smith's counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether Smith received ineffective assistance of counsel because both attorneys appointed to represent him failed to secure a more favorable plea agreement that was offered by the Government before a superseding indictment issued. Smith filed a pro se supplemental brief raising the same issue and the Government declined to file a reply brief. We affirm.

Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (internal quotation marks omitted). Rather, a defendant must bring such claims in a motion pursuant to 28 U.S.C. § 2255 (2012), to allow adequate development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Having reviewed the record in its

2

entirety, we conclude that Smith's claims of ineffective assistance should not be addressed on direct appeal because ineffectiveness does not conclusively appear on the face of the record.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Smith's conviction and sentence. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3